NOT RECOMMENDED FOR PUBLICATION
File Name: 04a0088n.06
Filed: November 16, 2004

**No. 02-6156**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

**v.**

**WILLIAM WASHINGTON,**

    **Defendant-Appellant.**

    **ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE**

_____/

**BEFORE:**    **MOORE and SUTTON, Circuit Judges; ADAMS, District Judge.**[*]

ADAMS, Circuit Judge. Defendant William Washington appeals his convictions for

conspiracy to acquire firearms from various licensed dealers by making false statements about facts

material to the purchase, in violation of 18 U.S.C. § 922(a)(6); for aiding and abetting another

individual in acquiring a firearm from a licensed dealer by making false statements about facts

material to the purchase, in violation of 18 U.S.C. §§ 922(a)(6) and 2; and for being a convicted

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). For the reasons that follow, we

**AFFIRM** Defendant's convictions.

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

**I.**

On October 30, 2000, Defendant William Washington was charged in three-counts of a thirteen-count indictment issued by a federal grand jury sitting in the United States District Court for the Western District of Tennessee. Count One of the indictment charged that, beginning on June 12, 1999 and continuing until October 6, 2000, Defendant Washington and ten other individual defendants knowingly conspired to acquire firearms from various licensed dealers and make false written statements to deceive the dealers as to facts material to the lawfulness of such firearm sales, in that the defendants represented that they were the actual buyers of the firearms, when in fact, they were actually purchasing the firearms on behalf of other individuals, in violation of 18 U.S.C. § 922(a)(6).

The indictment alleged that Defendant Washington and Ronald Hill, both convicted felons residing in Illinois, as well as Kenneth Hill, an Illinois resident, traveled to Memphis, Tennessee to obtain firearms. The purpose of the alleged conspiracy was to circumvent federal laws that prohibit the sale of firearms to out of state residents and/or to convicted felons by recruiting individuals without criminal records to purchase arms for them. Washington and others would then transport and/or accompany these recruits to various gun dealers and instruct them about which types of guns to purchase. After the purchases were made, Washington and others would take possession of the handguns and pay the recruits a fee for their efforts. They allegedly transported many of these handguns back to Illinois.

The indictment further charged specifically that, on October 6, 2000, Defendant Washington, Kenneth Hill and Ronald Hill drove from Chicago to Memphis and that they accompanied D'Angelo

Mitchell to Arendall Arms Pawn Shop and the AAA Pawn Shop for the purpose of purchasing firearms. Mitchell then purchased five handguns from Arendall Arms for Washington and others, for which Washington paid her $200.00. Afterward, Washington and others transported those five handguns and three others from Memphis to Illinois, in violation of 18 U.S.C. § 371.

Count Eleven charged that Defendant Washington and Mitchell aided and abetted each other in connection with the purchase of a handgun from the Arendall Arms, a licensed dealer, by making a false written statement material to the lawfulness of the purchase. Specifically, they aided and abetted each other in falsely claiming on a written form that Mitchell was the actual purchaser of the firearm, when in fact, Washington was the actual purchaser, in violation of 18 U.S.C. §§ 2 and 922(a)(6).

Count Twelve charged that Defendant Washington, having previously been convicted of numerous crimes punishable by more than one year imprisonment, knowingly possessed a firearm on October 6, 2000, in violation of 18 U.S.C. § 922(g).

Defendant Washington pled not guilty and proceeded to trial on March 5, 2001. After the jury returned guilty verdicts on all three counts, Washington moved for a mistrial, and the district court granted the motion. A second jury trial commenced on March 11, 2002. At the close of the government's case, Washington moved for a judgment of acquittal as to the three counts. The court denied the motion, and when the trial concluded on March 13, 2002, the jury found Defendant Washington guilty on all three counts. This appeal followed.

## II.

Defendant Washington argues that there was insufficient evidence to support the jury's verdict of guilt on Counts One, Eleven and Twelve of the indictment. We disagree for the reasons discussed below.

### A. Standard of Review

When reviewing a claim of insufficient evidence, this Court must "'examine the evidence in the light most favorable to the government and draw all inferences in the government's favor in order to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt.'" *United States v. Davis,* 306 F.3d 398, 408 (6th Cir. 2002) (quoting *United States v. Gibbs,* 174 F.3d 762, 774 (6th Cir. 1999)). In making such a determination, the Court must resolve all reasonable inferences which may be drawn from the evidence in favor of the government. *United States v. Searan,* 259 F.3d 434, 440 (6th Cir. 2001.) "'Circumstantial evidence alone may sustain a conviction under this deferential standard of review.'" *Id.* (quoting *United States v. Adams,* 265 F.3d 420, 423 (6th Cir. 2001)).

### B. Count One – Conspiracy to Acquire Firearms

In order to sell a firearm, a licensed firearms dealer is required to have the buyer fill out an ATF Form 4473, which solicits information concerning, among other things, prior felony convictions and the individual's state of residence. Federal law prohibits a licensed firearms dealer from selling handguns to a purchaser with a prior felony conviction or who resides outside of the state. The dealer also cannot sell a firearm to a buyer if the buyer indicates on the ATF Form 4473 that he or she is not the actual buyer of the firearm. Count One of the indictment charged

Washington with conspiracy to acquire firearms from various licensed dealers by making false statements on ATF Forms 4473 concerning facts material to the firearms' purchase, in violation of 18 U.S.C. § 922(a)(6).

The essential elements of a conspiracy are: (1) an object to be accomplished; (2) a plan or scheme embodying means to accomplish that object; and (3) an agreement or understanding between two or more of the defendants whereby they become definitely committed to cooperate for the accomplishment of the object by the means embodied in the agreement, or by any effectual means. *United States v. Gibbs,* 182 F.3d 408, 420 (6th Cir.1999) (quoting *United States v. Bostic,* 480 F.2d 965, 968 (6th Cir.1973)) (internal quotation marks omitted). "Proof of a formal agreement is not required to establish a conspiracy; 'a tacit or material understanding among the parties' is sufficient." *United States v. Henley,* 360 F.3d 509, 513 (6th Cir. 2004) (quoting *United States v. Pearce,* 912 F.2d 159, 161 (6th Cir.1990)). "Mere association does not establish a conspiracy, but there must be intentional participation in the transaction with a view to the furtherance of the common design and purpose." *United States v. Bostic,* 480 F.2d 965, 968 (6th Cir. 1973).

Washington argues that there was insufficient evidence of his membership in a conspiracy to acquire firearms, but the record proves otherwise. Ronald Hill, Washington's alleged co-conspirator, took frequent trips to Memphis to acquire firearms unlawfully. On one occasion, Hill's car broke down on the way back to Chicago, and Washington drove four or five hours from Chicago to pick him up. During the drive back to Chicago, Hill told Washington, "Slow down. You know,

I am hot," strongly suggesting that Washington had knowingly assisted Hill in the transport of unlawfully acquired firearms long before Washington's arrest on October 6, 2000.[1]

Most significantly, on October 6, 2000, Washington accompanied Ronald Hill and D'Angelo Mitchell to the VFW Pawn Shop and then to the AAA Pawn Shop in search of firearms. Like Hill, Washington gave Mitchell cash to purchase firearms for him by falsely claiming that she was the actual purchaser of the weapons. After leaving the AAA Pawn Shop with the handguns, Mitchell, Hill and Washington drove to the Arendall Arms Pawn Shop, during which time Washington told Mitchell that he wanted a 40 or a 45 caliber handgun and gave her about $200. At Arendall Arms, Mitchell purchased two guns for Hill and a 40 caliber handgun for Washington, again by falsely claiming that she was the actual purchaser of the handguns.

This evidence shows an agreement or understanding between two or more of the defendants whereby they became definitely committed to cooperate for the accomplishment of the object by the means embodied in the agreement. *Gibbs,* 182 F.3d at 420. Washington, an Illinois resident with a prior felony conviction, cooperated with Hill in using Mitchell, who was a Tennessee resident with no prior felony convictions, to obtain handguns from licensed firearms dealers in Tennessee by having her claim that she was the actual purchaser. Washington also cooperated with Mitchell in this endeavor, as directly evidenced by his request that she purchase a 40 caliber handgun for him from Arendall Arms and his payment of $200 to her for that purpose. He knowingly and

---

[1]The record evidence also showed that Washington accompanied Hill on several visits to Memphis prior to Washington's arrest. On one such occasion, Hill and Washington were observed counting out a large amount of cash.

intentionally participated in at least two transactions with Hill and Mitchell to obtain firearms through false pretenses. Therefore, his conviction on Count One of the indictment must be affirmed.

**C.      Count Eleven  – Aiding and Abetting the Unlawful Acquisition of Firearms**

Count Eleven of the indictment charged Washington with aiding and abetting another individual in acquiring a firearm from a licensed dealer by making false statements about facts material to the purchase, in violation of 18 U.S.C. §§ 922(a)(6) and 2. "Aiding and abetting requires that a defendant 'in some sort associate himself with the venture, that he participates in it as something he wishes to bring about, and that he seek by his action to make it succeed.' Thus, it has been said that aiding and abetting involves (1) an act by a defendant which contributes to the execution of a crime; and (2) the intent to aid in its commission." *United States v. Davis,* 306 F.3d 398, 409 (6th Cir. 2002) (citing *United States v. Lowery,* 60 F.3d 1199, 1202 (6th Cir.1995) (citations and internal quotation marks omitted)).

As discussed in the preceding section, the evidence shows that Washington associated himself with a venture to acquire firearms unlawfully from licensed dealers in Memphis, Tennessee. Federal firearms law precluded Washington from purchasing the firearms himself because he was not a resident of Tennessee and because he had prior felony convictions. Consequently, Washington, Hill and Mitchell drove together to three different pawn shops in search of firearms. Washington paid Mitchell to purchase firearms for him at two of the shops. In order to make those purchases, Mitchell was required to falsify several ATF Forms 4473 and indicate that she was the actual purchaser of the firearms; Mitchell testified that Washington was the true purchaser of the handguns.      It is disingenuous for Washington to argue that Mitchell's false statements on the

Forms 4473 "w[ere] entirely incidental to the possession [of the handguns] that the defendant desired and participated in" and that the evidence supported only the inference that he assisted Mitchell in unlawfully possessing the guns, not in making false statements to obtain the guns. A reasonable inference from the evidence was that Washington knew that Mitchell would be required to falsify the Forms 4473 because, otherwise, Washington simply could have attempted to make the purchases himself. He did not. Indeed, it appears that the only reasonable inference from the evidence is that Mitchell's false statements were integral to Washington's possession of the firearms and that Washington knew this fact. For these reasons, the jury reasonably could infer that Washington intended to assist Mitchell in acquiring firearms through false written statements and that he committed acts in furtherance of that crime, namely, by agreeing to pay Mitchell and then paying her to make the unlawful purchases. Thus, the evidence was sufficient to convict Washington on an aiding and abetting theory of guilt.

**D.      Count Twelve – Felon in Possession of a Firearm**

Count Twelve charged Washington with having previously been convicted of numerous crimes punishable by more than one year imprisonment and knowingly possessing a firearm on October 6, 2000, in violation of 18 U.S.C. § 922(g). Washington argues that there was insufficient evidence showing that he possessed the unlawfully obtained firearms recovered from the car he was riding in on the day of his arrest.

"In order to prove that a defendant knowingly possessed an object, the government must demonstrate that the defendant had control over the object, either actually or constructively." *United States v. Murphy,* 107 F.3d 1199, 1207 (6th Cir. 1997) (citing *United States v. Craven,* 478

F.2d 1329, 1333 (6th Cir. 1973)). "If the weapon is not actually possessed, that is within the immediate power or control of the individual, the government must demonstrate that the person has 'the power and intention at a given time to exercise dominion and control over an object....'" *Id.* at 1207-08 (citing *Craven, supra,* and *United States v. Critton,* 43 F.3d 1089, 1096 (6th Cir. 1995)). "Both actual and constructive possession may be proved by circumstantial evidence." *Id.* at 1208 (citing *Craven,* 478 F.2d at 1333).

The evidence showed that Washington paid cash to Mitchell to purchase firearms for him from two different pawn shops by falsely claiming that she was the actual purchaser of the weapons. ATF agents, who had had Washington and his cohorts under surveillance the entire day, observed Kenneth Hill put a white bag in the trunk of his car. A few minutes later, Kenneth Hill, Ronald Hill and Washington got in the car and drove onto the Interstate, heading toward Chicago. After the car was pulled over, a search revealed eight weapons in the trunk, hidden inside the bag (actually a pillow case) that Kenneth Hill had put there. Three of those weapons were determined to be weapons that Mitchell had purchased for Washington.

Under these circumstances, the jury could infer that Washington had control over those three weapons. Even if they were not in his immediate control (because they were in the trunk of Kenneth Hill's car), the evidence strongly suggested that Washington had the power and intention, upon his arrival in Chicago, to exercise dominion and control over those three guns. Accordingly, there was sufficient evidence for the jury to find that Washington possessed at least three of the unlawfully acquired guns, if not actually, then constructively.

**III.**

For all the foregoing reasons, Defendant's convictions are **AFFIRMED**.