NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0547n.06

No. 07-6194

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 06, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| WILLIAM WASHINGTON, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: CLAY, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. William Washington appeals his 235-month sentence for conspiracy to purchase firearms, making false statements in order to acquire a firearm, and being a felon in possession of a firearm. We reject his arguments, and affirm.

I.

This case is before us for the second time. Washington was convicted of the same offenses in 2001 and sentenced to 235 months. On appeal, we affirmed Washington's conviction and sentence. *See United States v. Washington*, 134 F. App'x 797 (6th Cir. 2004). In 2005, however, we vacated his sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, the district court again sentenced Washington to 235 months.

This appeal followed.

II.

Washington's principal argument is that the district court erred when it omitted to discuss on the record one of the six grounds he asserted as a basis for a below-Guidelines sentence. Washington did not object to this omission in the district court, but contends we should review his claim for an abuse of discretion rather than for plain error. As an initial matter, therefore, we must determine our standard of review.

In *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), we held that, "after pronouncing the defendant's sentence but before adjourning the sentencing hearing," the district court should "ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." If a district court does so, a party forfeits any objection not raised and is required to demonstrate plain error on appeal. *Id.* at 872-73. Here, the district court did not ask Washington's counsel if he had any "objections" to his sentence. But the court did ask him the following: "Mr. Brooks, do you know of any reason other than any reason you have already argued, why the sentence should not be imposed as stated?" Washington's counsel answered no.

We have already considered the sufficiency of precisely that language. In *United States v. Tate*, 516 F.3d 459, 464-65 (6th Cir. 2008), we held that *Bostic* was satisfied where, "after pronouncing the sentence, the district court asked [] counsel: '[D]o you know of any reason, other than any reason you have already argued why the sentence should not be imposed as stated?'" The district court asked the same question here. As in *Tate*, therefore, we review Washington's sentence for plain error.

To establish plain error, Washington must show "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (*en banc*) (internal quotation marks omitted).

There was no plain error here. At his resentencing hearing, Washington asserted six grounds for a downward variance. Those were: (1) his age; (2) his substance-abuse problem; (3) that his heroin addiction had been "substantially addressed"; (4) that most of his criminal record had been generated during his twenties; (5) that this case involved firearms that he was not going to use personally; and (6) that his father died less than two years prior to the beginning of his juvenile record. The district court addressed each of these arguments on the record except for the death of Washington's father. That omission, Washington asserts, amounted to reversible error.

The caselaw does not support that assertion. Under § 3553(c), a court must give "the reasons" for its sentence, but need not "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Vonner*, 516 F.3d at 387. The district court's obligation was instead simply to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Here, the district court explained that it found Washington's criminal history "extraordinarily disturbing," that "there is a need to protect the public" from the kinds of offenses Washington committed, and that "the Guidelines have captured the sense of seriousness" associated with these crimes. Moreover, the court did address five of the six grounds that Washington asserted for a

downward variance. That the court omitted an express discussion of the death of Washington's father—in 1966—was not error. Although the better course might have been to address each of Washington's arguments expressly, the record, taken as a whole, amply demonstrates that the district court considered the parties' arguments and had a reasoned basis for its sentencing decision. The court therefore did not plainly err in its application of § 3553(c).

Washington also makes two arguments *pro se*. First, he argues that the district court miscalculated his criminal-history category by including a conviction that was more than 15 years old. "A sentence imposed more than fifteen years prior to the defendant's commencement of the offense is not counted unless the defendant's incarceration extended into this 15-year period." U.S.S.G. § 4A1.1 cmt. n.1 (2008). Washington committed the subject offense on October 6, 2000. He was paroled for several of his prior convictions on March 28, 1990, which was easily within 15 years of the present offense. Those convictions were therefore properly factored into his criminal-history category.

Second, Washington argues that the district court improperly designated him an Armed Career Criminal. "[A] defendant is subject to an enhanced sentence [as an Armed Career Criminal] if the instant offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a 'violent felony' or 'serious drug offense,' or both, committed on occasions different from one another." U.S.S.G. § 4B1.4 cmt. n.1 (2008). Washington was convicted of violating § 922(g) in this case. And it is undisputed that he was convicted of a "violent felony" on November 11, 1984 and two "serious drug offenses" on June 5, 1991 and April 10, 1995. Thus, the district court properly classified Washington as an Armed Career Criminal.

The district court's judgment is affirmed.